NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
TARON BUSSIE,                       :
                                    :   Civil Action No. 14-5720 (RMB)
            Petitioner,             :
                                    :
      v.                            :
                                    :
NEW JERSEY, et al.,                 :   **MEMORANDUM OPINION**
                                    :   **AND ORDER**
            Respondents.            :
_____:

**BUMB**, District Judge:

    This matter comes before the Court upon the Clerk's receipt of a transferred § 2254 application ("Petition") executed on a form generated by the Eastern District of Pennsylvania ("EDPA") and initially filed with the EDPA.[1]  See Docket Enter No. 1.  The Petition states that Petitioner is "Taron Bussie" ("Taron"), see id. at 1, and raises allegations on behalf of Taron.  See id. at 2-18.  For the reasons detailed below, the Petition will be denied, and no certificate of appealability will issue.

    The claims raised here, however, cannot be properly assessed without a reflection on the litigation history of Taron's uncle, Anthony Bussie ("Anthony").

---

[1] The EDPA action was commenced on July 28, 2014, and transferred to this Court pursuant to the EDPA's order executed on August 14, 2014.  See Instant Matter, Docket Entries Nos. 1 and 2.  The Clerk of this District received the transferred documents on September 15, 2014.  See id., Docket Entry No. 3.

> [Anthony] was indicted for knowingly and willfully threatening to assault a Congressman [namely, Robert E. Andrews, who represented New Jersey's 1st congressional district, serving in the House of Representatives from November 6, 1990, to February 18, 2014, and to whom Anthony habitually refers as "no good Congressman Robert E. Andrews"].  On April 18, 2012, this Court held [Anthony's] § 4247(d) competency hearing.  During the hearing, both parties moved for finding him incompetent to stand trial . . . .  This Court granted the parties' joint application and [upon finding Anthony incompetent,] placed [him] in temporary custody so to restore him to competency.[2]  While in pre-treatment and treatment confinement in and outside New Jersey, Anthony has commenced numerous civil and habeas actions raising largely incoherent challenges against Congressman Andrews.  Therefore, Anthony's] civil rights claims have invariably been dismissed for failure to state a claim and [stayed, subject to repleading in the event of] his restoration to competency,  while his [habeas] claims have been dismissed [either] as premature [or for lack of jurisdiction].

<u>Bussie v. Andrews</u>, 2014 U.S. Dist. LEXIS 70118, at *2-3 and n.1

(D.N.J. May 21, 2014)(citing, <u>inter</u> <u>alia</u>, <u>United States v.</u>

---

[2]  In anticipation of his mental treatment, Anthony was temporarily housed at federal facilities located outside New Jersey.  However, although Anthony

> twice consented to treatment with an antipsychotic medication that could restore him to competency, he withdrew his consent both times after just a few treatments.  The Government's motion to involuntary medicate Petitioner for the purposes of standing trial was denied.  Since the Government unequivocally articulated its intent to seek [Anthony's] civil commitment, [he was returned for confinement in New Jersey].

<u>Bussie v. Ortiz</u>, 2014 U.S. Dist. LEXIS 87670, at *4-5, n.3 (D.N.J. June 27, 2014).

Bussie, Crim. Action No. 12-0229 (RMB), footnoted text incorporated into the main text).[3]

Anthony's numerous actions in *this* District included such matters as Bussie v. Evans, Civil Action No. 13-4316 (a § 1983 action commenced upon Anthony's utilization of the form generated by the Southern District of California); Bussie v. United States, Civil Action No. 14-2307 (Anthony's § 2255 action where he asserted that he was "[n]ot guilty because [of] necessity [and] automatism"); Bussie v. New Jersey, Civil Action No. 14-2719; Bussie v. United States, Civil Action No. 14-2932; see also Bussie v. Bush, Civil Action No. 09-6516; Bussie v. Bush, Civil Action No. 10-4555; Bussie v. Bush, Civil Action No. 10-4594; Bussie v. United States, Civil Action No. 11-0098; accord Conjured up Entertainment v. United States, Civil Action No. 11-11475 (commenced on behalf of Anthony and a juridical entity upon assertion that the United States owed Anthony $55 million for intelligence he provided to President Bush); Conjured up Entertainment v. United States, Civil Action No. 11-1854 (same); Conjured up Entertainment v. United States, Civil Action No. 11-2076 (same); Conjured up Entertainment v. United States, Civil Action No. 11-2322 (same); Conjured up Entertainment v. United

---

[3] Since Anthony's civil matters were commenced without prepayment of filing fee or proper application to proceed in forma pauperis, this Court explained to him, time and again, that a pleading had to be accompanied by the applicable filing fee or a complete in forma pauperis application.

States, Civil Action No. 11-2824 (same); Conjured up Entertainment v. United States, Civil Action No. 11-2751 (same); Conjured up Entertainment v. Clinton, Civil Action No. 12-1894 (same, as to President Clinton).

One of Anthony's latest civil actions in this District was Bussie v. Unknown Congressman Robert E. Andrews ("Andrews-I"), Civ. Action No. 14-3210 (RMB) (D.N.J.). There, Anthony named Taron as his co-plaintiff and raised claims against Congressman Andrews. See id., Docket Entry No. 1. This Court conducted its own research and determined that

> Taron, being convicted of aggravated assault, resisting arrest and controlled substance offenses, was sentenced to a three-year residential community program, and is expected to be released on December 24, 2014. See https://www6.state.nj.us/DOC_Inmate/results; see also http://www.state.nj.us/corrections/SubSites/OCP/. [Taron is b]eing housed at Fletcher House, in Camden, New Jersey, see id.; see also http://www.state.nj. us/corrections/ SubSites/OCP/OCP_RCRP_Information.html.

Bussie v. Andrews, 2014 U.S. Dist. LEXIS 70118, at *1.

With that, this Court explained to Anthony that: (a) he had no standing to litigate on Taron's behalf; and (b) habeas petitions were legal vehicles intended to seek the petitioner's release from confinement, not express his philosophical or socio-political views, or detail his animus toward a certain politician. See id. at *5.

Correspondingly, this Court dismissed Anthony's Andrews-I pleading and directed the Clerk to serve this Court's order upon

both Anthony and Tyron.  See <u>Andrews-I</u>, Docket Entry No. 2, at 6. To facilitate the Clerk's efforts, this Court's order stated Tyron's SBI number and place of confinement, <u>i.e.</u>, "SBI No. 000761582C, Fletcher House, 517 Penn Street, Camden, New Jersey 08102." <u>Id.</u>  Since this Court's resolution of <u>Andrews-I</u> did not require a discussion of the date when Taron was convicted, that information (unlike the information about the offenses underlying Taron's conviction, his SBI number, place of confinement and anticipated release date) was *not* included in this Court's order. <u>See</u> <u>id.</u>

   After this Court entered its <u>Andrews-I</u> decision, the Clerk received another application from Anthony.  <u>See</u> <u>Bussie v. Ortiz, BOP, Treasurer Financial Center and Congressman Robert E. Andrews</u> ("<u>Andrews-II</u>"), Civ. Action No. 14-3997 (RMB) (D.N.J.), Docket Entry No. 1, at 1.  There, Anthony stated that his habeas rights have been violated by, <u>inter</u> <u>alia</u>, Taron's conviction and "corruption" of unspecified public officials.  <u>See</u> <u>id.</u> at 6-8. On the basis of these assertions, Anthony sought new trial for Taron and an unspecified "punishment" of Congressman Andrews. <u>Id.</u> at 8.  This Court, therefore, re-explained to Anthony that he was without standing to raise challenges on behalf of Taron, and he "could not litigate philosophical, socio-political and other abstract or hypothetical matters falling outside the 'case or

controversy' requirement of Article III." Id., Docket Entry No. 2, at 4-5.

Shortly thereafter, i.e., at the time when Anthony was still confined in Pennsylvania, the Petition at bar was executed: it stated that Taron was the Petitioner. Its content, however, suggests that Taron might *not* be the Petitioner/author of the Petition. This is so because the Petition repeated the correct information stated in this Court's Andrews-I order, but:

(a) it incorrectly asserted that Taron was convicted and sentenced in *2012* to a single *five-year* term, see Instant Matter, Docket Entry No. 1, at 1, while, in reality, Taron was sentenced *twice*, both times in *2013*. Specifically, on February 1, 2013, he was sentenced to a 18-month-to-3-year term (for his controlled substance offense), and on April 5, 2013, he was twice sentenced to the maximum periods of 145 days, both times with no minimum term. See https://www6.state.nj.us/DOC_Inmate/details?x=1333069&n=0; and

(b) it was *not* mailed from the Fletcher House, i.e., from the place where Taron was and is confined; rather, it was mailed from the Bayside State Prison (located in Leesburg, New Jersey), and that mailing was executed at the time when Anthony was transferred back New Jersey from Pennsylvania.

See Andrews-II, Docket Entry No. 3; see also Instant Matter, Docket.

6

Moreover, the Petition (being drafted on the EDPA form available to Anthony during his Pennsylvania confinement has *Anthony's signature* affixed to it and then coarsely blackened out.  See Instant Matter, Docket Entry No. 1, at 15 (blackened-out signature affixed to the Petition at bar).

In light of the foregoing, it appears that Anthony falsely submitted the Petition in Taron's name.

If so, such submission is a matter of substantial concern, since a filing of court documents aiming to create a false impression that these documents were executed by another person or an affixation of a false signature is fraud on the court.

Finally, even if this Court were to factor out its concerns with the authenticity of the Petition, and to presume that Taron was the one who executed it, the Petition is facially deficient.

The Petition raises four Grounds:

GROUND ONE:     No accommodation for rule of lenity or Federal police power in a no good Congressman Robert E. Andrews. I resisting arrest or improper handcuffing where I am a residence of Camden City, NJ where no good Congressman Robert E. Andrews is employed.  NJ has no valid crim. case.  No criminal defense duress was created to have FBI attention, and no automatism defense.  Fact of a choice of evil defense same as Martin Luther King

GROUND TWO:     No accommodation to access criminal defense around corrupted congressman Robert E. Andrews.  Charge with aggravated assaulted bothering some or fear of losing a rights in an area where Camden had no congressional power to mislead my identity and cognize Congressman Andrews is corrupted by police and other law enforcement.  I can prove Andrews is

|  |  |
|---|---|
|  | corrupted in US v. Anthony Bussie criminal division and New Jersey v. Anthony Bussie; also Bussie v. US 96 Fed Cl 89 "Blame Andrews first and stop bothering me," "Put me in jail right" |
| GROUND THREE: | Not accommodating a fair housing market and job market in a quasi congressional enrichment territory.  Charge with CDS for moneies to support a NJ state run agencies: DMV, and child support; utility and other.  Moneies supported a public interest in stock and bonds; aka a loan market.  Food, clothing shelter.  Andrews favors quasi duty.  Congressman Robert E. Andrews is published on the interest as a discharge not favoring the public or constitution |
| GROUND FOUR: | Not accommodating State law enforcement to affect the state of NJ.  Congressman Andrews is ommissive. Congress never told the state of NJ about retroactive congressman Robert E. Andrews crimes infringing NJ v. A. Bussie ()1994) (retroactive defense).  No communication with Congress and State.  To have bad policing following bad politics (i.e. collateral defense). I fear the not guilty plead, no fair housing, no jobs, and depriving Camden City to use as a criminal defense experiencing poor prison conditions. |

Instant Matter, Docket Entry No. 1, at 5-11 (abbreviations, punctuation, grammar, capitalization and lack thereof in original).

The Petition verifies that the above-quoted claims were not exhausted in state courts because the author "never had enough support to petition in the state yet," id. at 12, and – addressing the timeliness of the aforesaid claims – it states:

> An investigation started in congress on 2/2013 and ending in 2/2014 where Congressman Robert E. Andrews is discharge.  Andrews has affect the State of New Jersey.  Therefore New Jersey v. Taron Bussie is tainted with

>corruption, breach duty contract and breach Islam or
"way of life." I am Anti-terrorism and do not favor a
state with no good Congressional policing power to have
stupid police not favor breach laws from the public,
crime wave immune.

Id. at 14-15 (punctuation, grammar, capitalization and lack thereof in original).

The Petition seeks the following relief: "[a] new trial [for the author] with investigation by FBI, vacate sentencing, expunge criminal records, release from the half way house, recognize to blame Congressman Andrews first. Remand monetary in a State of New Jersey mistake." Id. at 15 (grammar in original).

The Petition is facially deficient. To start, all claims challenging any matter other than Taron's convictions or sentences, i.e., all allegations as to any arrest, handcuffing or prison conditions, are not cognizable in habeas review, and any displeasure with housing prices, job market, political corruption, etc., fall outside this Court's Article III mandate. Since this Court already detailed these points to Anthony a number of times, and the Clerk served a copy of this Court's order so stating upon Taron, see, e.g., Bussie v. Andrews, 2014 U.S. Dist. LEXIS 70118, at *5 (D.N.J. May 21, 2014), another recital of the same appears superfluous. Thus, these claims will be dismissed for lack of jurisdiction without more.[4]

---

[4] By the same token, no criminal or civil proceedings of Anthony could be translated into a claim Taron could raise in

In addition, to the extent this Court could hypothesize that Taron might have intended to raise a habeas claim, such claim would be subject to dismissal without even reaching the merits of that claim. First, since the Petition concedes that Taron's habeas claims are unexhausted in the state courts, it is subject to dismissal on this ground.[5] And while such dismissal would be without prejudice, the Petition would also be subject to a prejudicial dismissal: as untimely.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an

---

habeas review. Analogously, no habeas claim can be attached to Congressman Andrews, since he took no part in the criminal proceedings underlying Taron's current prison term. Put another way, the statement that "Andrews has affect the State of New Jersey. Therefore New Jersey v. Taron Bussie is tainted with corruption, breach duty contract and breach Islam or 'way of life,'" is not a challenge cognizable in habeas review.

[5] All § 2254 petitions are subject to the exhaustion requirement which, albeit not posing a jurisdictional demand, is faithfully enforced and excused in narrow circumstances. See, e.g., Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b), (c)). Thus, Taron must establish that he has exhausted his state remedies by showing that he presented all his federal claims intended for litigation here to each level of the state court empowered to hear those claims, either by means of direct appeal or during his post-conviction relief proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); accord 28 U.S.C. § 2254(c). Only if all Taron's federal claims have been fairly presented to each level of the state court, is the exhaustion requirement satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971). It means that the claims heard by the state courts must be the "substantial equivalent" of the claims Taron is asserting here. See id. at 277.

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period starts to run from "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).

Pursuant to New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal is forty five days.

Here, Taron had two different dates of conviction.  If this Court were to hypothesize that his latest conviction, which took place on April 5, 2013, resulted in 145-day sentences that were imposed to run *concurrently* with his three-year term (imposed on February 1, 2013), then these concurrent sentences have long expired, and Taron is not "in custody" under those expired sentences: he is only in custody under his three-year term imposed on February 1, 2013.  In such scenario, Taron's only relevant period of limitations was triggered 45 days from February 1, 2013, and expired one year later: on March 17, 2014.  Therefore, in that scenario, the Petition is facially untimely.  See Instant Matter, Docket Entry No. 1, at 16 (showing that the Petition was executed on June 18, 2014).

If this Court were to construe the information available in the light most favorable to Taron, that Taron's two 145-day-maximum sentences (imposed on April 5, 2013), the Petition is untimely. Even this generous presumption cannot salvage the Petition, since the so-hypothesized period of limitations would have expired on May 20, 2014, almost a month before the Petition was executed. See id.

In sum, the Petition is subject to dismissal with prejudice, as untimely, unless Taron establishes a viable basis for equitable tolling. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (a habeas litigant must be availed to an opportunity to state his grounds for equitable tolling, if any).

This Court must now determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, this Court determined that Taron's habeas claims should be dismissed as unexhausted and untimely, and the Court is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Thus, no certificate of appealability will issue.

IT IS, therefore, on this **24th** day of **October 2014**,

**ORDERED** that Taron Bussie's application to proceed in this matter in forma pauperis is denied without prejudice; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum Opinion and Order, Taron Bussie shall either submit his complete in forma pauperis application or $5 filing fee, see Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), for the observation that a prisoner's legal obligation to prepay the filing fee or to duly obtain in forma pauperis status is automatically incurred by the very act of raising legal claims for resolution by the court), or, *in alternative*, his signed written statement averring, under the

13

penalty of perjury, that the Petition at bar was *not* executed by Taron Bussie; and it is further

**ORDERED** that the Petition is dismissed; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that, in the event Taron Bussie submits his complete in forma pauperis application or $5 filing fee, he may accompany that submission by his amended § 2254 petition: (a) stating his claims that attack *solely* his sentence(s) and/or conviction(s); (b) stating the exact legal ground for each of his attacks and facts in support of each such ground, see McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements"); (c) verifying that each of the stated grounds was duly exhausted in each level of the state court empowered to hear that ground or, in alternative, stating Taron Bussie's facts that establish a viable basis for excuse from the exhaustion requirement; and (d) stating his facts, if any, that establish the timeliness of his habeas claims, including his grounds for equitable tolling, if any; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED SUBJECT TO REOPENING UPON RECEIPT OF TARON BUSSIE'S FILING FEE (OR IN FORMA PAUPERIS APPLICATION)

14

ACCOMPANIED BY HIS AMENDED PETITION," see Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund"); and it is finally

    **ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Taron Bussie at Fletcher House, 517 Penn Street, Camden, New Jersey 08102.  Such mailing shall be executed by certified mail, return receipt requested, and shall include: (a) a blank § 2254 habeas petition form; and (b) a blank in forma pauperis application for incarcerated individuals seeking to commence a habeas matter.

                                                      s/Renée Marie Bumb  
                                                      **RENÉE MARIE BUMB**  
                                                      **United States District Judge**